MARTHA A. JACKSON *v.* R. G. POTTER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—518.]

**Wife's Dower.**

The husband's real estate is liable for his debts and where in compromise of a creditor's claim the wife refuses to join in a conveyance of her husband's property unless she receives in cash a sum much larger than her dower interest and such sum is paid to her and invested in other real estate and the deed taken in her name, it is still liable for debts owing by her husband and may be sold to pay such creditor, and the wife has only a first lien on the funds derived to the extent of the value of her dower in the husband's property first sold.

APPEAL FROM WARREN CIRCUIT COURT.

January 17, 1885.

OPINION BY JUDGE LEWIS:

In 1870 appellee, R. G. Potter, purchased of one Pyle, a lot of land for the consideration of $330, of which he paid $130, and for the residue executed two notes for $100 each. He erected a house on the lot and occupied it as his residence until March, 1877, when he sold and conveyed it to the Bowling Green Manufacturing Company for the following consideration recited in the deed "$350 paid to Potter, Vivian & Company on a debt owing by R. G. Potter which was secured by a mortgage on one-half of the homestead in the property, $500 to be paid to Martha and A. Potter, $75 to be paid in

taxes due, and $624.80 amount due to Bowling Green Manufacturing Company on judgment."

In May, 1877, one Garrison sold and conveyed another lot to appellee, Martha A. Potter, who is the wife of R. G. Potter, the consideration not being stated in the deed, but it elsewhere appears that she paid for that lot $275, which was a part of $500 received from the Bowling Green Manufacturing Company, and the residue of the last named sum she expended in improving the lot.

Appellant instituted this action to subject by equitable proceedings the last named lot to the satisfaction of a judgment rendered in his favor in 1867 against R. G. Potter upon which an execution was issued in 1875 and in 1876 returned to the proper office, endorsed "no property found."

It is alleged in the petition that when the lot was purchased by Garrison, R. G. Potter was insolvent; that it as well as the house put upon it was paid for with his means, and for the fraudulent purpose of delaying and hindering his creditors he caused it to be conveyed to his wife, and for the same purpose the improvements to be put upon it, all of which was done with her knowledge and consent and without any consideration from her.

In this manner appellees state that for the purpose of paying the indebtedness recited in the deed to the Bowling Green Manufacturing Company, R. G. Potter was desirous of selling the Pyle property then occupied by him and had agreed to sell it to the company, but that appellee, Martha, refused to join with him in a conveyance of it. Thereupon it was agreed between her and the company that in consideration of her signing and acknowledging the deed the company would pay her the sum of $500, and in pursuance of that agreement she did unite with her husband in the deed and received the stipulated consideration therefor.

The evidence shows that the property, free from incumbrance, was worth about the amount the company paid for it, including the $500 paid to her. At the time the deed was made she was about fifty-five years of age. It is therefore manifest that the sum paid to her greatly exceeded the value of her potential right of dower without reference to the mortgage previously made for one-half the property to Potter, Vivian & Company, or the two notes given in 1870 to Pyle and which were then in the possession of the company unpaid.

While the fact of the money paid to her being so much disproportioned to the value of her interest would not alone stamp the transaction as fraudulent, it does show that the arrangement was the result of an agreement between the husband and wife, the effect of which has been to put the proceeds of property held in his name and subject to his debts, out of the reach of creditors and in her possession and control. For before the sale and conveyance made to the Bowling Green Manufacturing Company the Pyle property was liable to sale, subject to her inchoate right of dower to pay appellant's debt, and he could, after being sold, subject the proceeds of that property in the hands of the husband. But if the device by which the title of the Garrison property has been placed in the wife be upheld, appellant is without remedy and a precedent will be established by which existing creditors of an insolvent husband may be delayed, hindered and defrauded by secret agreements between the husband and wife.

What appellee, Martha A. Potter, owned of the Pyle property was a potential right of dower, and she is entitled to have the value of that first deducted from the proceeds of the Garrison property, when sold. But the property in contest should have been adjudged subject to appellant's debt, and directed to be sold, paying of the proceeds the above mentioned amount, without interest, to the appellee, Martha A. Potter, and applying enough of the balance to satisfy appellant's debt.

The same question presented in this case arose and was determined in favor of the creditor in the case of *Ward v. Crotty, et al.,* 4 Metcalfe (Ky.) 60.

The judgment of the lower court is *reversed* and cause remanded for further proceedings consistent with this opinion.

*B. F. Procter, T. W. Hines, for appellant.*
*Mitchell & DuBose, for appellees.*